25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David JACKSON, Defendant-Appellee.
 No. 93-3738.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, David Jackson, pleaded guilty to possession of cocaine base (crack cocaine) with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and was sentenced to five years incarceration. He appeals, contending that the district court erred in calculating his sentence, first, by attributing too great an amount of crack cocaine to him and, second, by finding that he possessed a firearm in connection with commission of the offense.
 
 
 2
 The charge against Jackson arose out of an undercover investigation of a cocaine operation at an apartment in Columbus, Ohio, that was being carried on jointly by Jackson and his co-defendant, D'Angelo Edmond. On November 4, 1992, a confidential informant working for ATF agents made two purchases of crack cocaine at the apartment, one weighing 0.1 gram from Jackson and the other weighing 0.2 gram from Edmond. The next day, an undercover ATF agent made a similar purchase from Edmond in Jackson's presence. At that time, the agent observed a handgun in Edmond's possession and two plates--one belonging to Jackson and the other to Edmond--holding an estimated 7 grams of crack cocaine apiece. The plates were kept around the couch on which the two defendants were seated.
 
 
 3
 Shortly thereafter, ATF agents executed a search warrant and found the two defendants sitting on the same couch they had occupied when Edmond sold crack to the undercover agent. Two handguns were found stuffed in the couch, but the plates had been emptied. However, the agents recovered 1.3 grams of cocaine from a jacket belonging to Jackson and 0.1 gram of cocaine in the bathroom. The remainder had apparently been flushed down a toilet at the beginning of the raid.
 
 
 4
 Jackson's principal complaint concerns the district court's decision to attribute an aggregate amount of cocaine and the firearms to his possession, for purposes of determining the length of his sentence. We find no error. Although the record tends to establish that Jackson and Edmond obtained crack from different sources and kept their supply, as well as their money, separate from one another, it appears that they generally acted in concert or, at least, cooperatively. Specifically, they occasionally assisted one another in the sale of their respective inventories, and the handguns found at the scene were clearly available to both men. Moreover, the presentence report indicates that Jackson paid $25 every two weeks for his and Edmond's use of the apartment in question.
 
 
 5
 The presentence report attributed 20.8 grams of cocaine to the defendant, pursuant to U.S.S.G. Sec. 1B1.3(a)(1) and (2). Despite the defendant's objection that he should be held accountable for only the 1.3 grams of cocaine found in the pocket of his jacket, the district court, in careful findings, held the defendant responsible for a total of 16.3 grams. This amount included estimated sales by Jackson during the six weeks immediately before the November 5 raid, which was described by one of the residents of the apartment as the period of time during which Jackson sold cocaine from that address.
 
 
 6
 Based on our review of the record, we conclude that this calculation is based, conservatively, on substantial factual evidence in the record. Certainly, it is not clearly erroneous, notwithstanding the defendant's argument to the contrary. Moreover, the record fully sustains the two-point enhancement attributable to the defendant's possession of a handgun during the commission of the offense.
 
 
 7
 For these reasons, we AFFIRM the judgment of the district court.